IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALBERT GARCIA,

       Plaintiff,                Civ. No. 08-1422-CL

    v.                           **ORDER**

COMMISSIONER, Social Security
Administration,

       Defendant.

**PANNER, District Judge:**

    Magistrate Judge Mark D. Clarke filed a Report and Recommendation ("R and R") [#27], and the matter is now before this court. See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Plaintiff filed objections [#31] to the R & R. Defendant filed a response [#32] to plaintiff's objections. Accordingly, I have reviewed the file of this case *de novo*. See 28 U.S.C. §

1 - ORDER

636(b)(1)(c); <u>McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.</u>, 656 F.2d 1309, 1313 (9th Cir. 1981). I conclude the R & R is correct.

Although plaintiff objects to five alleged errors made by Judge Clarke, plaintiff fails to demonstrate the ALJ's decision was not supported by substantial evidence in the record. In making this conclusion, I note that the ALJ is charged with making credibility determinations and resolving conflicts and ambiguities in the medical record. <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1039 (9th Cir. 1995) (internal citation omitted). Here, the ALJ provided specific, clear and convincing reasons for finding plaintiff not credible as to the extent of his symptoms. Tr. 45-46. I "must uphold the ALJ's decisions where the evidence is susceptible to more than one rational interpretation." <u>Andrews</u>, 53 F.3d at 1039-40.

Additionally, the ALJ provided sufficient legal reasons, supported by substantial evidence in the record, for rejecting Dr. Solotaroff's opinion that plaintiff was not capable of sustaining any activity, even sedentary activity. For example, the ALJ noted that another treating doctor - Dr. Lehtinen - specifically opined that although plaintiff "may not be able to do the physical labor that he previously had done as a landscaper due to his current shoulder injury[,]. . . he may benefit from job retraining." Tr. 46 (citing Tr. 770). Additionally, the ALJ noted that Dr. Solotaroff's opinion conflicted with plaintiff's periodic work as a landscaper. Tr. 47.

2 - ORDER

Plaintiff also argues that because plaintiff's disabling conditions arose from a 2002 accident, there is no "rationale that logically and rationally supports the determination of disability on 4/4/08 and not before." (Objections, 7.) However, as explained in the October 24, 2008 Appeals Council decision and in Judge Clarke's Report and Recommendation, the April 4, 2008 disability determination was based on plaintiff's "borderline age situation." Tr. 16.

20 C.F.R. § 416.963 states "We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case." The Appeals Council found adverse vocational factors existed and thus applied the higher age category as of the date of the ALJ's decision. TR. 16 (citing Social Security Administration Office of Disability Adjudication and Review Hearings, Appeals and Litigation Law Manual, Volume II-5-3-2, identifying "sliding scale" and adverse vocational adversities). Thus, the Appeals Council found plaintiff became disabled on April 4, 2008. Tr. 18. Without this regulation concerning borderline age situations, the Appeals Council would have found plaintiff disabled on August 8, 2008, when plaintiff turned 55 years old and entered the next age category.

3 - ORDER

Because the ALJ's decision is supported by substantial evidence in the record and not based on legal error, this court must affirm the ALJ's decision. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (quoting Andrews, 53 F.3d at 1039-40).

## CONCLUSION

Magistrate Judge Clarke's Report and Recommendation (#27) is adopted.

IT IS SO ORDERED.

DATED this 9 day of July, 2010.

_____
OWEN M. PANNER
U.S. DISTRICT JUDGE

4 - ORDER